```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

R.K., by her parents R.K. and S.L.,

        Plaintiffs/Appellants,     **NOT FOR PUBLICATION**

  -against-                           **ORDER ADOPTING REPORT**
                                      **AND RECOMMENDATION**
NEW YORK CITY DEPARTMENT OF EDUCATION,

        Defendant/Appellee.      09-CV-4478 (KAM)(RLM)

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        Plaintiff-appellant R.K., a minor child, by her parents R.K. and S.L. (the "parents") (collectively, "plaintiffs") commenced this action against the New York City Department of Education ("DOE" or "defendant"), seeking relief under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and regulations promulgated thereunder, as well as the New York State Education Law and its implementing regulations. (*See* ECF No. 1, Complaint.) Before the court are the parties' cross-motions for summary judgment. (*See* ECF No. 20, [Defendant's] Notice of Motion for Summary Judgment; ECF No. 21, Defendant's Memorandum of Law in Support of Their [sic] Motion for Summary Judgment ("Def. Mem."); ECF No. 27, [Plaintiffs'] Notice of Motion; ECF No. 30, Plaintiffs' Memorandum of Law in Support of Their Motion for Modified *De Novo* Review ("Pl. Mem.").)

Magistrate Judge Roanne L. Mann has issued a Report and Recommendation ("R&R") recommending that plaintiffs' motion be granted, defendant's motion be denied, and that plaintiffs be awarded full tuition reimbursement for R.K.'s alternate placement for the 2008-2009 academic year. (ECF No. 59, R&R dated Jan. 21, 2011.) Both plaintiffs and defendant have timely objected to the R&R. (*See* ECF No. 62, Letter dated Feb. 18, 2011 ("Pl. Obj."); ECF No. 63, Defendant's Memorandum of Law in Support of It's [sic] Objections to Magistrate Judge Mann's Report and Recommendation dated January 21, 2011 ("Def. Obj.").) Having undertaken a *de novo* review of the record in light of the parties' written objections pursuant to 28 U.S.C. § 636(b)(1)(C), the court incorporates the R&R by reference and adopts it in its entirety.

**STANDARD OF REVIEW**

**I.   Review of Report and Recommendation**

To the extent that a party makes specific and timely objections to a magistrate's findings, the court must apply a *de novo* standard of review. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); 28 U.S.C. § 636(b)(1)(C). Upon such *de novo* review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. Underlying Dispute

As Magistrate Judge Mann set forth in her R&R, in determining whether the school district complied with IDEA, the court employs a modified standard of *de novo* review, affording the administrative decisionmaker some deference while conducting an independent review of the record. *See, e.g.*, *Wall v. Mattituck-Cutchogue Sch. Dist.*, 945 F. Supp. 501, 507-08 (E.D.N.Y. 1996) ("The court does not use the substantial evidence standard typically applied in the review of administrative agency decisions, but instead must decide independently whether the requirements of IDEA are met.") (citation omitted). IDEA requires the court to use a "preponderance of the evidence" standard in reviewing administrative proceedings, 20 U.S.C. § 1415(i)(2)(C)(iii), and permits judicial resolution of disputed issues of fact. *See M.N. ex rel. J.N. v. New York City Dep't of Educ.*, 700 F. Supp. 2d 356, 364 (S.D.N.Y. 2010). Courts must give "due weight" to the administrative proceedings and may not "substitute their own notions of sound educational policy . . . ." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982). Nevertheless, "the amount of weight" afforded to the administrative proceedings "is subject to the court's exercise of informed discretion and should be based, in part, on the thoroughness of the administrative findings." *Wall*, 945 F. Supp. at 507.

Magistrate Judge Mann thoroughly conducted an independent review of the record, giving due weight to the administrative proceedings and properly analyzing and applying the statutory and regulatory requirements of IDEA and state law. To summarize, IDEA requires states to offer a free appropriate public education ("FAPE") to all children with disabilities, and to set forth in an individualized education program ("IEP"), special education and related services, which must be "tailored to meet the unique needs of the particular child and be reasonably calculated to enable the child to receive educational benefits." *E.S. ex rel. B.S. v. Katonah-Lewisboro Sch. Dist.*, 742 F. Supp. 2d 417, 423 (S.D.N.Y. 2010); *see also* 20 U.S.C. § 1401(9); *Rowley*, 458 U.S. at 187-88 (1982).

As Magistrate Judge Mann's R&R notes, "[i]f parents of a disabled child are dissatisfied with their child's public school placement or otherwise believe that their child has been denied a FAPE, they may unilaterally place their child in a private school and seek tuition reimbursement from the local school district." (ECF No. 59, R&R at 8) (*citing* 20 U.S.C. § 1412(a)(10)(C); *M.P.G. ex rel. J.P. v. New York City Dep't of Educ.*, No. 08 Civ. 8051 (TPG), 2010 WL 3398256, at *2 (S.D.N.Y. Aug. 27, 2010)). Parents may present their request for reimbursement at a hearing before an impartial hearing officer

("IHO"). The IHO's decision may be appealed to the state review officer ("SRO"), whose decision may then be reviewed in state or federal court. *Id.*

To determine whether the local school district must reimburse parents, the district court applies the "*Burlington-Carter* test." Reimbursement is appropriate when (1) the school district has provided an "inadequate or inappropriate" placement; (2) the parents' selected program is appropriate; and (3) the equities favor the parents. *See Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 369-70 (1985) ("Burlington"); *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 12-13 (1993)("Carter").

## DISCUSSION

The detailed facts in this matter are set forth in Magistrate Judge Mann's R&R. In light of both parties' timely objections, the court has undertaken a *de novo* review of the full record including the applicable law, the pleadings, the underlying record, the parties' submissions on the instant motions, the R&R, and the parties' objections to the R&R. *See* 28 U.S.C. § 636(b)(1)(C).

Defendant poses three central objections to the R&R. First, under Prong I of the *Burlington-Carter* test, defendant argues that Magistrate Judge Mann erroneously found that

defendant did not offer R.K. a FAPE.  Specifically, defendant argues that Magistrate Judge Mann erroneously (1) found that defendant's failure to include a functional behavioral assessment ("FBA") and behavior intervention plan ("BIP") in R.K.'s IEP was a substantial omission which deprived R.K. of her right to a FAPE; (2) found that the SRO implied that R.K.'s interfering behaviors did not impede her learning; (3) failed to afford deference to the SRO or defendant by concluding that R.K.'s IEP did not adequately address R.K.'s interfering behaviors; (4) found that the lack of parent training and counseling and speech and language therapy amounted to a violation of FAPE; and (5) failed to employ the correct standard to determine whether defendant's proposed program was inappropriate.

Second, under Prong II of the *Burlington-Carter* test, defendant argues that Magistrate Judge Mann erroneously found that the Brooklyn Autism Center ("BAC") program that plaintiffs unilaterally obtained for R.K. was reasonably calculated to provide R.K. with meaningful educational benefits.  Defendant argues that Magistrate Judge Mann erred because "[p]laintiffs did not demonstrate that the program at BAC was specially tailored to meet R.K.'s unique needs.  The underlying administrative record established – and the IHO correctly found – that BAC provides for no therapies in the classroom, and

there are no integrated efforts between the therapist and the teacher." (ECF No. 63, Def. Obj. at 25.)

Third, under Prong III of the *Burlington-Carter* test, defendant argues that Magistrate Judge Mann erroneously found that the equities favor the plaintiffs. Defendant argues that "[p]laintiffs wanted R.K. to attend BAC as soon as they visited that school, and never made an effort to work with the Defendant to address their concerns about the IEP. Instead, plaintiffs gave Defendant an ultimatum: find a placement that provided the same program and services recommended by the McCarton report and offered by BAC; or we will place R.K. in BAC and look to you for reimbursement." (ECF No. 63, Def. Obj. at 27.) Defendant argues that "[s]uch a failure to cooperate warrants a finding that the equitable considerations favor the Defendant." (*Id.*)

For their part, plaintiffs submit that they "are in complete agreement" with Magistrate Judge Mann's "core findings in plaintiffs' favor as to Prongs I, II, and III of the *Burlington/Carter* reimbursement test," but submit limited objections "identifying certain additional Prong I violations and related matters" that Magistrate Judge Mann rejected. (ECF No. 62, Pl. Obj. at 1.) Specifically, plaintiffs make three objections. First, plaintiffs object to Magistrate Judge Mann's finding that "the Parents were not prevented from

meaningfully participating at the IEP meeting." (ECF No. 62, Pl. Obj. at 1-2; ECF No. 59, R&R at 32.) Specifically, plaintiffs argue that "defendant never shared its IEP draft with S.K.'s [sic] parents during the IEP meeting, when it would have been useful to do so. Nor did defendant give genuine consideration to plaintiffs' private evaluations, reports and recommendations. When it came time to select the school, plaintiffs were not contracted or included in the process until *after* defendant unilaterally selected a site." (ECF No. 59, R&R at 1-2.)

Second, plaintiffs argue that Magistrate Judge Mann erred in finding that "plaintiffs had failed to establish a cognizable basis for bias that would diminish the deference owed to State Review Officer ("SRO") Paul Kelly." (ECF No. 62, Pl. Obj. at 2.) Specifically, plaintiffs focus on Magistrate Judge Mann's holding that "statistics alone . . . cannot establish extrajudicial bias." (*See id.;* ECF No. 59, R&R at 27-29.)

Third, plaintiffs write that "[w]hile [they] do not take any issue with [the] Court's recitation or application of the *T.Y.* court's analysis, [they] preserve [their] objection to the notion that a 1:1 classroom aide with a minimum high school diploma has the skill sets, or even the training to properly address the interfering behaviors of a student with autism."

8

(ECF No. 62, Pl. Obj. at 2 (*citing* ECF No. 59, R&R at 38).)

The court has considered the foregoing objections and undertaken a *de novo* review of the R&R and the underlying pleadings and factual record upon which it is based. Having conducted such review, and upon careful consideration of the parties' objections, the objections are overruled. This court, fully concurring with Magistrate Judge Mann in all material respects, hereby adopts, in its entirety, the rationale articulated in the detailed, thorough and well-reasoned R&R, which embodies a correctly grounded analysis of the factual record and legal authorities. Specifically, the court agrees with and adopts Magistrate Judge Mann's conclusions that defendant did not offer R.K. a FAPE and that a preponderance of the evidence in the record established that R.K.'s interfering behaviors impeded her learning and required a FBA and BIP. The court further agrees that BAC was an appropriate placement for R.K. and was reasonably calculated to provide her with meaningful educational benefits, and that the equities do not diminish plaintiffs' entitlement to an award of tuition reimbursement for the 2008-2009 academic year.

## **CONCLUSION**

For the reasons set forth above, Magistrate Judge Mann's well-reasoned and thorough Report and Recommendation is

incorporated by reference and adopted in its entirely and both parties' objections are denied. Therefore, plaintiffs' motion for modified *de novo* review is granted, defendant's motion for summary judgment is denied, and plaintiffs shall be awarded full tuition reimbursement for R.K.'s alternate placement for the 2008-2009 academic year. The Clerk of Court is respectfully requested to enter judgment in favor of plaintiffs and close this case.

**SO ORDERED.**

Dated:   March 28, 2011
         Brooklyn, New York

                                        /s/
                              KIYO A. MATSUMOTO
                              United States District Judge
                              Eastern District of New York